NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HOMELAND HOUSEWARES, LLC,**

*Plaintiff/Counterclaim Defendant-Appellee,*

AND

**HASTIE2MARKET, LLC, C-SQUARED TV, INC., INFOMERCIAL CONSULTING CORPORATION, BRENTWOOD CORPORATE SERVICES, INC., BABY BULLET, LLC, CAPITAL BRANDS, LLC, AND DOES 1-10,**

*Counterclaim Defendants,*

**v.**

**SORENSEN RESEARCH AND DEVELOPMENT TRUST,**

*Defendant/Counterclaimant-Appellant.*

---

2013-1537

---

Appeal from the United States District Court for the Central District of California in No. 11-CV-3720, Judge George H. Wu.

---

Decided: September 8, 2014

---

R. JOSEPH TROJAN, Trojan Law Offices, of Beverly Hills, California, argued for plaintiff/counterclaim defendant-appellee. Of counsel was DYLAN C. DANG.

PATRICIA A. SHACKELFORD, Law Office of Patricia A. Shackelford, of Encinitas, California, argued for defendant/counterclaimant-appellant. With her on the brief was CHRISTIAN FENTON, Law Office of Christian Fenton, of San Diego, California.

———————————

Before LOURIE, BRYSON, and CHEN, *Circuit Judges.*

CHEN, *Circuit Judge.*

Sorensen Research and Development Trust ("Sorensen") appeals from the final judgment of the United States District Court for the Central District of California awarding attorney fees to Homeland Housewares, LLC ("Homeland") under 35 U.S.C. § 285. Because we conclude that the court did not abuse its discretion in finding the case "exceptional" and in setting the award amount, we affirm.

## BACKGROUND

Sorensen owns the rights to U.S. Patent No. 6,599,460 (the "'460 patent"), which claims a method for injecting fluid plastic into a molding as part of the manufacture of "thin walls" in plastic products. In March 2011, Sorensen sent a cease-and-desist letter to Homeland, asserting that Homeland's Magic Bullet product—a food blender sold with plastic cup attachments—infringed the '460 patent. One month later, Homeland sought a declaratory judgment of non-infringement, invalidity, and unenforceability of the '460 patent. Sorensen then filed a counterclaim, alleging that three of Homeland's blender products infringed the patent.

After the district court issued its claim construction order, Homeland moved for summary judgment of non-infringement. In granting summary judgment, the court found that Sorensen had produced no admissible evidence that Homeland's products infringed three claim limitations of the '460 patent.[1]

After the court granted summary judgment of non-infringement, Homeland continued to pursue its declaratory judgment claims, moving for summary judgment of invalidity. In opposing Homeland's motion, Sorensen filed the report of expert Dr. Tim A. Osswald (the "Osswald Report"). The court struck the Osswald Report because, in addition to material related to the patent's validity, the report included material related to infringement that was not before the court when the issue of infringement was decided. The court ordered Sorensen to remove the infringement-related material. Sorensen then filed a redacted version of the Osswald Report, which the court accepted. The court ultimately denied Homeland's motion for summary judgment of invalidity, and granted summary judgment in favor of Sorensen that Homeland had not produced sufficient evidence to proceed with its invalidity claims.

In April 2013, Homeland moved for attorney fees under 35 U.S.C. § 285. Sorensen filed an opposition to Homeland's motion, attaching the unredacted Osswald

---

[1] Sorensen challenged the district court's grant of summary judgment of non-infringement in a companion appeal, No. 13-1345, which we address today in a separate opinion affirming the judgment of the district court. For more detail about the '460 patent, the accused products, and the district court's reasons for granting summary judgment of non-infringement, see *Homeland Housewares, LLC v. Sorensen Research and Development Trust*, No. 2013-1345, -1383, Slip Op. at 2–6.

Report as an exhibit. Homeland moved to strike the report.

The court partially granted Homeland's motion for attorney fees, awarding Homeland $253,777.37. The court limited the award to fees connected to Homeland's defense through August 23, 2012—the date of the hearing on Homeland's motion for summary judgment of non-infringement. With respect to that infringement portion of the litigation, the court found that Sorensen's conduct was "exceptional." The court faulted Sorensen for filing unsolicited briefs after issues were taken under submission, as well as for filing multiple motions for reconsideration that the court deemed were without merit. The court was most troubled, however, by Sorensen's repeated failures to introduce admissible evidence of infringement.

> Sorensen's repeated unreasonable litigation conduct unjustifiably burdened the Court, Homeland, and even itself, because developing the evidence would have been simpler, less costly, and potentially more effective than its paper litigation strategy. While this case would not necessarily have been simple had it been litigated properly, it would have either have cleared the threshold hurdle of showing that the dimensions of the accused product indicate potential infringement, or it would have stopped them. Regardless of the adequacy of its pre-filing investigation or Sorensen's state of mind, it was clear and convincing misconduct to make Homeland litigate infringement given the state of Sorensen's evidence of the accused products' dimensions.

J.A. 11.

Although the court awarded attorney fees connected to Homeland's non-infringement defense, the court declined to award fees for Homeland's subsequent pursuit of its invalidity claims. The court also denied Homeland's

request for fees for its discovery costs because Homeland already had an opportunity to demonstrate Sorensen's discovery misconduct when litigating its motions to compel. Moreover, the court denied Homeland's request to award the cost of its experts, explaining that the "conduct in this case does not seem to meet the standard of uncleanliness above and beyond that required for the exceptional case standard." J.A. 12 (citing *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 921 (Fed. Cir. 2012); *Takeda Chem. Indus., Ltd. v. Mylan Labs., Inc.*, 549 F.3d 1381, 1391 (Fed. Cir. 2008)).

Finally, the court granted Homeland's motion to strike the unredacted Osswald Report, which the court found was not relevant to the issues raised by Homeland's request for attorney fees. The redacted report remained in the record.

Sorensen timely appeals. Sorensen requests that we reverse the award of attorney fees on the basis that the district court erred in finding the case exceptional. In the event that we disagree that the district court's "exceptional case" finding was in error, Sorensen asks that we vacate and remand on the basis that the court failed to limit the award to the costs that Homeland incurred in responding to specific acts of litigation misconduct. Sorensen also requests that we reverse the district court's order striking the Osswald Report.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

### DISCUSSION

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. As the Supreme Court recently clarified, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts

of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The Court elaborated that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* Moreover, we must apply "an abuse-of-discretion standard in reviewing all aspects of a district court's § 285 determination." *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1749 (2014). Under this deferential standard of review, we conclude that the district court did not abuse its discretion in finding Sorensen's conduct "exceptional."

As we suggested in affirming the district court's summary judgment of non-infringement, Sorensen did not seem to understand its obligation to produce evidence in opposing summary judgment. Once Homeland pointed out the absence of evidence in Sorensen's case, the burden shifted to Sorensen to "designate specific facts showing that there is a genuine issue for trial." *Homeland*, No. 2013-1345, -1383, Slip Op. at 9 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 316, 324 (1986)). Sorensen, however, appeared unprepared or unwilling to satisfy its burden. Although Sorensen repeatedly attacked Homeland's evidence, it failed to produce its own admissible evidence of infringement. As the district court observed, "after more than a year of opportunities to take discovery and run tests, Sorensen [had] presented no evidence whatsoever . . . and [had] not even suggested what type of evidence it might present in that regard." J.A. 2863.

In addition to lamenting the lack of admissible evidence of infringement, the district court mentioned Sorensen's repetitive and unsolicited filings. Although we have doubts that the unsolicited filings described by the district court, standing alone, could justify an "exceptional case" finding, we see no abuse of discretion in the court factoring in this conduct as part of its consideration of the

"totality of the circumstances." *Octane,* 134 S. Ct. at 1756.

We agree with Sorensen that "[a] patent holder has the right to vigorously enforce its presumptively valid patent." Appellant's Br. 13. But vigorous enforcement "cannot overpower a litigant's and its counsel's obligation to file cases reasonably based in law and fact and to litigate those cases in good faith." *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314, 1328 (Fed. Cir. 2011). The district court here did not abuse its discretion in finding this case "exceptional" based on Sorensen's failure to produce admissible evidence of infringement, as well as Sorensen's overall conduct during the litigation.

Turning to the district court's calculation of attorney fees, we find that the district court did not abuse its discretion in determining the award amount. We have long afforded district courts "considerable discretion" in determining the amount of reasonable attorney fees under § 285, as we respect "the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Bywaters v. United States*, 670 F.3d 1221, 1228 (Fed. Cir. 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). The district court here was reasonably careful in calculating the award. The court independently reviewed Homeland's billing entries line by line and, as discussed in the Background, *supra* at 4–5, limited the award to costs incurred by Homeland prior to the court's grant of summary judgment of non-infringement.

Sorensen argues that the district court's fee calculation was not sufficiently rooted in the conduct that the court found exceptional. The district court, Sorensen contends, should have limited the award to the costs that Homeland incurred in responding to specific acts of litigation misconduct. We decline, however, to require such granularity from the district court, particularly because it

is the "totality of the circumstances," and not just discrete acts of litigation conduct, that justify the court's award of fees. *See Octane,* 134 S. Ct. at 1756.

Finally, we find no abuse of discretion in the district court's decision to strike the unredacted Osswald Report. Sorensen asserts that the full report demonstrated the reasonableness of its infringement theory and was thus relevant to the question of whether Sorensen's litigation conduct merited the award of attorney fees to Homeland. Most of the redacted portions of the report, however, appear to address the inadequacy of Homeland's evidence of non-infringement, not the adequacy (or presence) of Sorensen's evidence of infringement. To the extent the report focuses on affirmative evidence of infringement, it relies on computer simulations run by Sorensen *after* the court found for Homeland on summary judgment of non-infringement. As the district court suggested, tests conducted after summary judgment of non-infringement have little relevance in assessing the reasonableness of Sorensen's conduct during the infringement portion of the litigation.

For the reasons stated above, the district court's judgment is affirmed.

**AFFIRMED**